IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


THOMAS C. O'BRYANT,
    Plaintiff,

vs.                                          Case No.: 5:05cv131/RS/EMT

JASON LANGFORD, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's Request for Entry of Default Against Defendant M.D. Finch (Doc. 60). Plaintiff seeks entry of default against Defendant Finch on the ground that he has failed to plead or otherwise defend the instant action. Defendant Finch has filed a response in opposition to the request for default, as well as a motion for extension of time to respond to the complaint (Doc. 61).

      Rule 55 of the Federal Rules of Civil Procedure provides, in part:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant . . .

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such

> application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary . . . to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.
>
> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). . . .

Thus, prior to obtaining a default judgment under either Rule 55(b)(1) by the clerk or Rule 55(b)(2) by the court, there must be an entry of default as provided in Rule 55(a), which the clerk is authorized to enter.

In the instant case, all of the necessary elements of default are not present. Most importantly, there is no evidence that Defendant Finch has failed to plead or otherwise defend this action. This court ordered Defendant Finch to respond to the complaint within sixty (60) days of receipt of the summons (*see* Doc. 33 ¶ 7). The record shows that Defendant Finch was served with process on November 2, 2006 (*see* Doc. 58); thus, the deadline for defending this action was January 3, 2007.[1] On December 29, 2006, Defendant Finch filed a motion for extension of time to respond to the complaint (Doc. 61). Because the motion was made before expiration of the prescribed period for filing a response to the complaint, entry of a default at this time would be improper.

Additionally, because Defendant Finch has shown cause for his request for an extension of time to file a response to the complaint, his motion shall be granted.

Accordingly, it is **ORDERED**:

Defendant Finch's Motion for Extension of Time to Submit Special Report (Doc. 61) is **GRANTED**. Defendant Finch shall file his special report on or before **JANUARY 15, 2007**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's Request for Entry of Default Against Defendant M.D. Finch (Doc. 60) be **DENIED**.

---

[1] The last day of the 60-day period was January 1, 2007; however, January 1 and January 2, 2007, were legal holidays. Therefore, the 60-day period ran until the end of the day on January 3, 2007, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.

Case No.: 5:05cv131/RS/EMT

At Pensacola, Florida, this 4th day of January 2007.

>*/s/ Elizabeth M. Timothy*
>**ELIZABETH M. TIMOTHY**
>**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**