IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS C. O'BRYANT,
    Plaintiff,

vs.                                Case No.:  5:05cv131/RS/EMT

JASON LANGFORD, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's Motion for Default Judgment (Doc. 112). Plaintiff seeks a default against Defendants on the ground that they failed to file an answer to the complaint by the court-imposed deadline (*see* Doc. 109). Defendants filed a response in opposition to the request for default, an answer to the amended complaint, and a motion to accept the answer as timely filed (Docs. 113, 114).

      Rule 55 of the Federal Rules of Civil Procedure provides, in part:

(a) Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment.  Judgment by default may be entered as follows:

(1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant . . .

(2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such

application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary . . . to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed. R. Civ. P. 55. It is clear from the Rule that prior to obtaining a default judgment under either Rule 55(b)(1) by the clerk or Rule 55(b)(2) by the court, there must be an entry of default as provided in Rule 55(a), which the clerk is authorized to enter.

Also relevant to this matter is Rule 6 of the Federal Rules of Civil Procedure. That rule provides, in relevant part:

**(b) Enlargement.** When by . . . order of court an act is required or allowed to be done at or within a specified time, the court . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .

Fed. R. Civ. P. 6(b).

In the instant case, Defendants have filed a motion to accept their answer as timely filed, and as grounds for the motion counsel for Defendants states she completed the answer on August 3, 2007, prior to the deadline of August 6, 2007 (*see* Doc. 109), but did not file it because she needed additional information to determine whether a demand for jury trial should be included (*see* Doc. 114). Counsel states she neglected to calendar a tickler for August 6 to file the answer and became involved in two other class action lawsuits, which involved completing extensive discovery requests and traveling to another part of the State (*id.*). The court concludes that Defendants' failure to timely file their answer was the result of excusable neglect; therefore, the motion to accept the answer as timely filed will be granted. This determination renders a default judgment against Defendants improper as all of the necessary elements of default are not present; most importantly, Defendants have not failed to plead or otherwise defend this action. Therefore, Plaintiff's Motion for Default Judgment should be denied.

Accordingly, it is **ORDERED**:

Defendants' Motion to Accept Answer as Timely (Doc. 114) is **GRANTED**..

And it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Default Judgment (Doc. 112) be **DENIED**.

At Pensacola, Florida, this 24th day of August 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, **858 F.2d 698, 701** (**11th Cir. 1988**).